UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALPACINO MCDANIELS,

           Plaintiff,

    v.

JOSIE CASTELO,

           Defendant.

Case No. 19-cv-01408-HSG

**ORDER GRANTING IN PART AND
DENYING IN PART RESPONDENT'S
MOTION TO DISMISS  PETITION
FOR WRIT OF HABEAS CORPUS AS
UNEXHAUSTED; REQUIRING
PETITIONER TO MAKE ELECTION**

Re: Dkt. No. 13

      Petitioner Alpacino McDaniels, an inmate at California Men's Colony in San Luis Obispo, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court.  Pending before the Court is respondent's motion to dismiss the petition for a writ of habeas corpus as unexhausted.  Dkt. No. 13.  Petitioner has not filed an opposition, and the deadline to do has since passed.  However, on September 29, 2019, petitioner mailed to the Court the California Supreme Court's September 11, 2019 summary denial of his habeas petition.  Dkt. No. 16.  For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART respondent's motion to dismiss and requires petitioner to make an election.

## BACKGROUND

      Petitioner was found guilty by an Alameda County Superior Court jury of first degree murder and possession of a firearm by a felon.  The jury also found true three firearm enhancements accompanying the murder count, including that petitioner personally and intentionally discharged a firearm causing death.  The trial court sentenced petitioner to a total term of 50 years to life in prison, composed of a term of 25 years to life for the murder, a

consecutive term of 25 years to life for the discharge of a firearm causing death, and a concurrent term of two years for the firearms possession offense. A twenty year term and a ten year term for the other two firearm enhancements were stayed. Dkt. No. 13-1 at 33-34.

Petitioner appealed the conviction, and on April 17, 2018, the California Court of Appeal remanded the case to consider whether to strike the firearm enhancements and to correct errors in the calculation of custody credits and the abstract of judgment, but otherwise affirmed the judgment. Dkt. No. 13-1 at 33-60. On June 20, 2018, the California Supreme Court denied the petition for review. Dkt. No. 13-1 at 62.

On September 20, 2018, petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court, Dkt. No. 13-1 at 64-452, which was denied on October 29, 2018, Dkt. No. 13-2 at 3-27. On March 4, 2019, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. Dkt. No. 13-2 at 29-410.

On March 18, 2019, petitioner filed a petition for a writ of habeas corpus in this Court, which commenced the instant action. Dkt. No. 1. In his petition, petitioner acknowledged that not all his claims were exhausted and stated his intention to file a motion for a stay and abeyance. *Id.* at 12.

On April 18, 2019, the Court found that the instant petition stated the following cognizable claims for federal habeas relief: (1) appellate counsel was ineffective; (2) the trial court erred by admitting tainted evidence; (3) the prosecution either failed to preserve, or failed to turn over, exculpatory evidence; (4) the trial court erred in allowing the video reenactment; (5) the prosecutor committed misconduct when he allowed false testimony at trial; (6) the trial court committed instructional error by failing to give the requested pinpoint instruction; (7) the prosecutor committed misconduct when he commented on petitioner's failure to testify; and (8) the prosecutor's closing argument constituted misconduct. Dkt. No. 11 at 2. The Court ordered respondent to show cause why the petition should not be granted. *Id.* The Court noted that petitioner had acknowledged that he had not exhausted all claims, but declined to *sua sponte* address the issue of exhaustion of state remedies because the Court could not determine from the record which claims had been exhausted. *Id.*

2

On May 9, 2019, the California Court of Appeal denied the petition for a writ of habeas corpus. Dkt. No. 13-2 at 412-13.

On June 10, 2019, petitioner submitted a petition for a writ of habeas corpus to the California Supreme Court, challenging his convictions and sentence on the following grounds: (1) appellate counsel was ineffective for failing to raise the claims raised in the petition; (2) the trial court erred in denying petitioner's motion to exclude identification testimony; (3) the trial court erred in admitting video reenactment of the route the shooter walked because the video reenactment was irrelevant, misleading and confused the issue; (4) the prosecutor committed misconduct when he knowingly used false testimony; (5) the trial court erred when it denied petitioner's request for a pinpoint jury instruction about suggestive identification procedures; (5) the prosecutor committed misconduct by commenting on petitioner's silence during the prosecution's rebuttal to the defense's closing argument; and (6) the prosecutor's rebuttal to the defense's closing argument was improper under *Griffin v.* California, 380 U.S. 609 (1965). Dkt. No. 13-2 at 415-517.

On July 17, 2019, respondent filed the instant motion to dismiss for failure to exhaust state remedies. Dkt. No. 13. As of this date, petitioner has not filed an opposition. Nor has he filed a motion to stay and abey this action. However, on September 29, 2019, petitioner filed with the Court the California Supreme Court's September 11, 2019 summary denial of his habeas petition. Dkt. No. 16.

## DISCUSSION

Respondent argues that the petition should be dismissed as unexhausted because only Claim No. 6 (instructional error when the trial court failed to give the requested pinpoint instruction) and Claim No. 8 (prosecutor's closing argument constituted misconduct) are exhausted.[1] Dkt. No. 13. Respondent acknowledges that Claim Nos. 1, 2, 4, 5 and 7 were presented to the California Supreme Court in the June 10, 2019 state habeas petition, but argues that the petition should be dismissed as a mixed petition because as of the date the motion to

---

[1] The numbers assigned to these claims refer to the numbers assigned in the Court's April 18, 2019 order to show cause.

dismiss was filed, the California Supreme Court had not yet ruled on the state habeas petition. Respondent further argues that Claim No. 3 was not fairly presented to the California Supreme Court because it was omitted from the habeas petition filed with the California Supreme Court. Petitioner has not responded to the motion to dismiss, but presumably he contends that the motion should be denied because as of September 11, 2019, his state court remedies have been exhausted. Respondent did not responded to petitioner's filing of the California Supreme Court's September 11, 2019 denial of petitioner's state habeas petition.

## A.  Legal Standard

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by providing the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)–(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). To comply with the fair presentation requirement, a claim must be raised at every level of appellate review; raising a claim for the first time on discretionary review to the state's highest court is insufficient. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (holding that where petitioner only raised federal constitutional claim on appeal to the Washington State Supreme Court, claim not fairly presented).

The exhaustion requirement is not jurisdictional, but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). However, a district court may not grant the writ unless state court remedies are exhausted or exhaustion there is either "an absence of available state corrective process" or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)–(B). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

The exhaustion requirement is satisfied only if a federal claim has been "fairly presented"

United States District Court
Northern District of California

to the state courts.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  To exhaust the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'"  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (alteration in original).  It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court.  *See Picard*, 404 U.S. at 277.  Furthermore, a petitioner does not exhaust all possible claims stemming from a common set of facts merely by raising one specific claim.  *See Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013) (mere submission of a relevant affidavit to state court not sufficient to place that court on notice of all potential constitutional challenges stemming from that affidavit).  Ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material that does so.  *Baldwin v. Reese*, 541 U.S. 27, 30–34 (2004) (where state petitioner did not claim specifically in brief presented to state supreme court that appellate counsel's performance violated federal law, claim was not fairly presented even though that court had the opportunity to read lower court opinions which could have shown the claim was cast in federal terms).

**B.    Analysis**

The following facts are undisputed.  Claim No. 6 and Claim No. 8 are exhausted.  The June 10, 2019 state habeas petition filed with the California Supreme Court fairly presented Claim Nos. 1, 2, 4, 5 and 7 to the California Supreme Court for the purposes of the exhaustion requirement set forth in 28 U.S.C. § 2254(b)–(c).

The following two questions are before the Court.  First, does the California Supreme Court's September 11, 2019 denial of petitioner's state habeas petition satisfy the exhaustion requirement with respect to Claim Nos. 1, 2, 4, 5 and 7?  Second, has petitioner exhausted his state court remedies with respect to Claim No. 3?

**1.    Claim Nos. 1, 2, 4, 5 and 7**

The parties do not dispute that Petitioner's June 10, 2019 state habeas petition fairly

presented Claim Nos. 1, 2, 4, 5 and 7 to the California Supreme Court.  The California Supreme

Court's denial of this petition on September 11, 2019 therefore exhausts petitioner's state court

remedies for Claim Nos. 1, 2, 4, 5 and 7.  There is no requirement that a petitioner exhaust his

state court remedies prior to filing.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (to

avoid petition being time-barred due to slow state court proceedings, petitioner may file

"protective" mixed petition in federal court and ask federal court to stay and abey the federal

habeas proceedings until state remedies are exhausted) (citing *Rhines v. Weber*, 544 U.S. 269, 278

(2005)).[2]  Accordingly, the Court DENIES respondent's motion to dismiss Claim Nos. 1, 2, 4, 5

and 7 as unexhausted.

### 2.    Claim No. 3

In Claim No. 3, petitioner alleges that the prosecution either failed to preserve, or failed to

turn over, exculpatory evidence, specifically portable body recording devices / body cameras.

Respondent argues that this claim was not "fairly presented" to either the state appellate court or

the state supreme court because petitioner omitted the statement of the claim itself and supporting

facts, and only presented the supporting law in the habeas petitions filed with the California Court

of Appeal and the California Supreme Court.  Dkt. No. 13 at 3 n.2.  In petitioner's state habeas

petition filed with the Alameda County Superior Court, Claim No. 3 is presented in two pages.

The first page identifies the claim, lists supporting facts, and lists four cases supporting the claim.

The second page states as follows:

> If the defendant is entitled to relief only on a showing that the lost or destroyed evidence
> was material and exculpatory.  California v. Trombetta (1984) 467 U.S. 479, 486, 104 S
> Ct. 2528
>
> Material, exculpatory evidence is evidence that might be expected to play a significant
> r[o]le in the suspect's defense, it must possess an exculpatory value that was apparent
> before the evidence was destroyed or lost, and be of such a nature the defendant would be
> unable to obtain comparable evidence by other reasonably available means.  California v.
> Trombetta, supra; Arizona v. Youngblood, supra; see also: People v. Frye (1988) 18 Ca.
> 4th 894, 942.
> When the Trombetta-Youngblood standards are satisfied, the trial court should impose

---

[2] Given that the exhaustion requirement is not jurisdictional and is a matter of comity, no purpose
would be served by granting a motion to dismiss for non-exhaustion on the grounds that the claims
were unexhausted at the time a motion to dismiss was filed and requiring the prisoner to re-file the
petition, creating the risk of the later petition being time-barred.

appropriate sanctions based on prove[n] facts of each case. – People v. Medina (1990) 51 Ca. 3d 870, 893; People v. Zamora (1980) 28 Ca 3d 88, 96. Sanctions include the exclusion of evidence or dismissal of case. See California v. Trombetta, supra. However, even if a federal due process violation is not shown, the trial court retains the discretion to impose the sanction of an adverse jury instruction. – People v. Huston (1989) 210 Ca 3d 192, 215.

See transcripts page 23-27; also, CT 245-282.

Dkt. No. 13-1 at 431-33. The Alameda County Superior Court denied this claim as procedurally barred. Dkt. No. 13-2 at 45-46. When petitioner filed his subsequent habeas petitions with the California Court of Appeal and the California Supreme Court, he omitted the first page of Claim No. 3 and only filed the second page. Dkt. No. 13-2 at 66-67 (habeas petition filed with the California Court of Appeal); Dkt. No. 13-2 at 453-54 (habeas petition filed with the California Supreme Court). In denying the habeas petition on the merits in a reasoned decision, the California Court of Appeal noted that Claim No. 3 had been omitted from the petition. Dkt. No. 13-2 at 412.

Because it is difficult to ascertain the nature of Claim No. 3 from the second page alone and because the second page does not set forth the factual basis for the claim, the Court finds that petitioner failed to fairly present Claim No. 3 to the California Supreme Court as required by Section 2254(b)(1). As discussed *supra*, ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material that does so. *Baldwin*, 541 U.S. at 30–34. The second page identifies the claim as one concerning either lost or destroyed evidence, but does not identify what evidence was lost or destroyed or how the evidence was either material or exculpatory. The California Supreme Court would need to read beyond the habeas petition to be aware of Claim No. 3 because it was not clear from the habeas petition and was identified as omitted from the petition by the California Court of Appeal. The California Supreme Court would have had to look to the habeas petition presented to the Alameda County Superior Court or the Alameda County Superior Court's denial of the habeas petition to be aware of Claim No. 3.

To the extent that petitioner might argue that the omission of the first page of Claim No. 3 was inadvertent, inadvertence cannot excuse a prisoner from compliance with the exhaustion

requirement. Moreover, while the failure to include the first page of Claim No. 3 in the habeas petition filed with the California Court of Appeal was arguably inadvertent, the California Court of Appeal made petitioner aware of this omission in its denial of his habeas petition, yet petitioner failed to correct this omission when submitting his habeas petition to the California Supreme Court.

The Court finds that petitioner has not exhausted his state court remedies for Claim No 3. *Cf. Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1201–02 (9th Cir. 2005) (inclusion of federal claim in brief to intermediate appellate court followed by omission of that claim in brief to state's highest court supports inference that petitioner chose not to exhaust the federal claim in state's highest court for strategic reason, e.g., to avoid confusing a state law claim with the generally less favorable federal authorities). Accordingly, the Court GRANTS respondent's motion to dismiss Claim No. 3 as unexhausted.

## C. Mixed Petition

For the foregoing reasons, the Court finds that Claim No. 3 is unexhausted, but Claim Nos 1, 2, 4, 5, 6, 7 and 8 are exhausted. The instant petition therefore is what is referred to as a "mixed" petition because it contains both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 277. Federal courts are required to dismiss mixed petitions. *See Rose*, 455 U.S. at 510 (every claim raised in federal habeas petition must be exhausted). Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claim before having this Court consider all his claims. Accordingly, instead of an outright dismissal of the action, the Court will allow Petitioner to choose whether he wants to: (1) dismiss the unexhausted claim and go forward in this action with only the exhausted claims, or (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim in the California Supreme Court.

Petitioner is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim, and to return to this court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

If petitioner chooses to request a stay, he may seek a stay pursuant to either *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). A petitioner seeking a stay pursuant to *Rhines* is required to show (1) "good cause" for his failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. A petitioner seeking a stay pursuant to *Kelly* is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King v. Ryan*, 564 F.3d 1133, 1142-43 (9th Cir. 2009) (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming dismissal as harmless because unexhausted claims did not relate back to claims in original petition that were fully exhausted at time of filing). "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and reattaches the newly exhausted claims to the original petition." *Id.* at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

In discussing *Rhines* stays, the United States Supreme Court has cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277–78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at 1071. If Petitioner moves for a stay, he must show that he satisfies either the *Rhines* criteria or the *King/Kelly* requirements.

### CONCLUSION

For the reasons stated above, the Court orders as follows.

1. The Court DENIES respondent's motion to dismiss Claim Nos. 1, 2, 4, 5 and 7 as unexhausted, but GRANTS respondent's motion to dismiss Claim No. 3 as unexhausted.

2. Within **twenty-eight (28) days** of the date of this order, Petitioner must file a notice with the Court in which he states whether he elects to: (1) dismiss the unexhausted claim and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option ___." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), Petitioner must file within twenty-eight (28) days of this order,

10

a motion for a stay in which he explains whether he is seeking a *Rhines* stay or a *King/Kelly* stay. If he seeks a *Rhines* stay, he must explain why he failed to exhaust his unexhausted claim in state court before presenting them to this court, and show that his claim is not meritless and that he is not intentionally delaying resolution of his constitutional claim. If he wants to file a motion under *King/Kelly* to amend his petition (to delete the unexhausted claim) and to stay this action while he exhausts state court remedies for the unexhausted claim, he must show that the amendment of any newly exhausted claims back into the petition would share a common core of operative facts and comply with AEDPA's statute of limitations. If petitioner does not choose one of the three options or file a motion by the deadline, this action will proceed solely on the exhausted claims – Claim Nos. 1, 2, 4, 5, 6, 7 and 8.

This order terminates Dkt. No. 13.

**IT IS SO ORDERED.**

Dated: 1/15/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge