UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPACINO MCDANIELS,<br>Petitioner,<br>v.<br>JOSIE CASTELO,<br>Respondent. | Case No. 19-cv-01408-HSG<br>**ORDER GRANTING EXTENSION OF TIME TO FILE NOTICE OF ELECTION**<br>Re: Dkt. No. 19 |

Petitioner has requested an extension of time to file a notice of election pursuant to the Court's January 15, 2020 order, stating that he needs time to gather documents and conduct legal research. Dkt. No. 19. The Court GRANTS petitioner's request for an extension of time to **April 27, 2020** to file his notice of election.

However, the Court notes that the notice of election is relatively straightforward and should not require significant documentation or legal research. The notice need only state whether petitioner elects to: (1) dismiss the unexhausted claim (Claim No. 3) and go forward in this action with only the remaining claims (Claim Nos. 1, 2, 4, 5, 6, 7, and 8), or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim. If petitioner chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option ___." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), petitioner must also file a motion for a stay in which he explains whether he is seeking a *Rhines* stay or a *King/Kelly* stay. If he seeks a *Rhines* stay, he

must explain why he failed to exhaust his unexhausted claim in state court before presenting them to this court, and show that his claim is not meritless and that he is not intentionally delaying resolution of his constitutional claim. If he wants to file a motion under *King/Kelly* to amend his petition (to delete the unexhausted claim) and to stay this action while he exhausts state court remedies for the unexhausted claim, he must show that the amendment of any newly exhausted claims back into the petition would share a common core of operative facts and comply with AEDPA's statute of limitations.

If petitioner does not choose one of the three options or file a motion for a stay by **April 27, 2020**, this action will proceed solely on the exhausted claims – Claim Nos. 1, 2, 4, 5, 6, 7 and 8.

This order terminates Dkt. No. 19.

**IT IS SO ORDERED.**

Dated: 2/26/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge